UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. )        No. 3:26-CR-33-TAV-DCP
)
CHRISTOPHER MARTEZ HATTEN, and )
NYESHA MARIE COOPER, )
)
        Defendant. )

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Nyesha Cooper's Motion to Continue Trial Date and Related Deadlines [Doc. 18] and Codefendant Christopher Hatten's Motion to Continue Trial Date and Relevant Deadlines [Doc. 19], filed on May 22, 2026.

Defendant Cooper asks the Court to continue the current trial date, which is set for June 23, 2026, and all corresponding pretrial deadlines, including the motion deadline [Doc. 18 p. 1]. In support of her motion, Defendant Cooper states that a continuance is necessary because her counsel needs additional time to review voluminous discovery [*Id*. ¶ 1]. Further, Defendant Cooper's counsel has reached out to the Government with request for production of specific discovery items and is awaiting a response [*Id.* ¶ 2]. The motion reflects that the Government does not oppose the request [*Id.* ¶ 4]. Defendant Cooper's counsel confirmed via email to the Court that Defendant Cooper understands that the period of time between the filing of her motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes.

Codefendant Hatten similarly requests to continue the trial date and continue all relevant deadlines [Doc. 19 p. 1]. In support of his motion, Codefendant Hatten submits that his counsel has been involved in a good faith effort to resolve his case, but despite due diligence, additional

time will be required for further communication, to discuss factual and legal issues, and confer with the Government regarding a potential resolution in this matter [*Id.* ¶ 1]. Codefendant Hatten confirms that the right to a speedy trial has been fully explained to him, and that he understands that the period of time between the filing of his motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based upon the information contained in the motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendants need time to review discovery, receive additional discovery, consider pretrial motions, work towards a resolution of this matter, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the June 23, 2026 trial date.

The Court therefore **GRANTS** Defendant Nyesha Cooper's Motion to Continue Trial Date and Related Deadlines [**Doc. 18**] and Codefendant Christopher Hatten's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 19**]. The trial of this case is reset to **September 29, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motions on May 22, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

2

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Nyesha Cooper's Motion to Continue Trial Date and Related Deadlines [**Doc. 18**] and Codefendant Christopher Hatten's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 19**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **September 29, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motions on **May 22, 2026**, and the new trial date of **September 29, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) pretrial motions are due on or before **June 22, 2026.** Responses to the pretrial motions are due on or before **July 6, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 28, 2026**;

(6) the deadline for filing motions *in limine* is **September 14, 2026**, and responses to motions *in limine* are due on or before **September 22, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **September 10, 2026, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 18, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge